IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLETTAS McBRIDE,<br><br>          Plaintiff,<br><br>v.<br><br>QUALITY CARRIERS INC.,<br>MICHAEL V. MOORE, and<br>TRIPLE JP ENTERPRISE,<br><br>          Defendants. | Case No. 22-cv-00730-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This case is now before the court for reconsideration of Plaintiff Carlettas McBride's Motion for Leave to Proceed *in forma pauperis* ("IFP") after remand by the United State Court of Appeals for the Seventh Circuit. (Docs. 3, 24). On April 14, 2022, McBride filed a Complaint against Defendants Quality Carriers, Inc., Michael V. Moore, and Triple JP Enterprise. Along with his Complaint, McBride filed a Motion to Proceed IFP (Doc. 3), a Motion for Recruitment of Counsel (Doc. 4), and a Motion for Service of Process at Government Expense (Doc. 5).

McBride alleges that he sustained injuries from an inflated tire and rim that struck his vehicle on Interstate 55 in Mississippi. McBride alleges that the tire and rim had come from a tanker owned by Quality Carriers Inc. and was being operated by Michael V. Moore. His injuries came as a result of his attempt to maintain control of his vehicle. McBride previously filed a lawsuit in Mississippi alleging negligence on the part of the same defendants regarding this incident. The trial court entered an

order granting a motion to dismiss. After an appeal to the Supreme Court of Mississippi, the order was affirmed. *See McBride v. Quality Carriers, Inc.*, No. 2021-CP-00235, 2022 Miss. LEXIS 48 (Feb. 17, 2022). Here, McBride's Complaint alleges a claim of negligence and cites to a violation of a federal statute that requires proper maintenance of commercial vehicles as a basis for federal subject matter jurisdiction.

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees if the movant "submits an affidavit that includes a statement of all assets he [or she] possesses [showing] that he [or she] is unable to pay such fees or give security therefor." Furthermore, Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff. The Court must dismiss any complaint if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.*; *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of McBride's Motion to Proceed IFP requires this Court to closely review the allegations of his petition.

While McBride appears to be indigent and has signed his affidavit attesting to his indigency (Doc. 3), 28 U.S.C. § 1915(a)(1) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff. Based on res judicata principles and jurisdictional issues, McBride's Complaint fails. *See* 28 U.S.C. § 1915(e)(2).

The Court scrutinizes on the issue of federal subject matter jurisdiction *sua sponte*. "It is the responsibility of a court to make an independent evaluation of

whether subject matter jurisdiction exists in every case." *Foster v. Hill*, 497 F.3d 695, 696–97 (7th Cir. 2007*). See also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists . . . .").

As the Seventh Circuit confirmed in his appeal in this case, McBride failed to establish federal-question jurisdiction under 28 U.S.C. § 1331 because the federal regulations he cited "do not provide a private right of action for personal-injury suits or necessarily raise a disputed and substantial federal issue." *McBride v. Quality Carriers, Inc.*, 2023 WL 2784867, at *1 (7th Cir. 2023) (citing *Gunn v. Minton*, 568 U.S. 251, 257–58 (2013)).

That only leaves the potential for a suit for his allegations of negligence if he replead and alleged diversity of citizenship along with an amount in controversy that met the threshold. *See* 28 U.S.C. § 1332. For McBride, this route also fails. Under the doctrine of claim preclusion or res judicata, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in an earlier action. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980). "A federal court sitting in diversity must apply the res judicata principles of the state in which the court is located." *Harmon v. Gordon*, 712 F.3d 1044, 1054 (7th Cir. 2013) (citing *Allan Block Corp. v. Cnty. Materials Corp.,* 512 F.3d 912, 915 (7th Cir.2008)). Under Illinois law, res judicata has three elements: (1) an identity of parties or their privies; (2) an identity of causes of action; and (3) a final judgment on the merits rendered by a court of competent jurisdiction. *See Parungao v. Community Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) (quoting *Rose v. Bd. of Election Comm'rs for the City of Chi.*, 815

F.3d 372, 374 (7th Cir. 2016)). As the Seventh Circuit noted in the appeal of this case, "[a]lthough res judicata is an affirmative defense that ordinarily should not be considered at screening," it is proper to dismiss "when it is clear from the face of the complaint, and matters of which judicial notice may be taken, that res judicata bars the claims." *McBride*, 2023 WL 2784867, at *2 (citing *Parungao*, 858 F.3d at 457; *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010); and *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002)). Public records from previous litigation may be considered in the analysis of res judicata. *Burton v. Ghosh*, 961 F.3d 960, 965 (7th Cir. 2020).

In November 2017, McBride filed a Complaint against Quality Carriers, Inc., Michael V. Moore, and Triple JP Enterprises, Inc. in the Circuit Court of Desoto County, Mississippi. The Court takes judicial notice of that state court case. In that case, McBride listed the same defendants in the suit in this Court. In his complaint in state court, McBride asserted that the incident resulting in the collision was a direct result of the negligence. The state trial court eventually dismissed McBride's complaint with prejudice because McBride exhibited conduct that was willful and in bad faith. The court also stated that he failed to follow two court orders. McBride's appeal eventually made its way to the Supreme Court of Mississippi, where that court granted dismissal.

All three requirements of res judicata are satisfied in this case. The present case is duplicative of the previous state court case, containing the same parties and the same cause of action from the same set of operative facts based on the same incident. The state court has also finished with the previous case – the suit ended in a dismissal with prejudice in the state circuit court. *See Parungao*, 858 F.3d at 457 (citing *Rose*,

815 F.3d at 374) (involuntary dismissal is a final judgment under Illinois law). Based on the face of the complaint and the public records from previous litigation, this case is barred by res judicata.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Based on res judicata principles, this action lacks a basis in law. Therefore, it is frivolous.

### CONCLUSION

For the foregoing reasons, Plaintiff Carlettas McBride's Motion for Leave to Proceed *in forma pauperis* (Doc. 3) is **DENIED** and the Complaint (Doc. 1) is **DISMISSED with prejudice**. McBride's Motion for Recruitment of Counsel (Doc. 4) and Motion for Service of Process at Government Expense (Doc. 5) are **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

DATED: May 8, 2023

s/ *Stephen P. McGlynn*
STEPHEN P. McGLYNN
U.S. District Judge